**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MICHAEL H. MORRIS,<br><br>Plaintiff,<br><br>v.<br><br>VALERO REFINING COMPANY-OKLAHOMA, a foreign for profit business corporation,<br><br>Defendant. | ) | Case No. CIV-26-145-SLP |

**O R D E R**

Before the Court is Defendant's Motion to Strike Plaintiff's Expert Witness [Doc. No. 27]. Also before the Court is Plaintiff's Motion for Thirty (30) Day Extension of Scheduling Order Deadlines [Doc. No. 25]. The parties submitted response briefs to the respective motions brought by the opposing parties. *See* [Doc. Nos. 30 and 31]. The Court held a hearing on September 10, 2026, regarding the Motions and the matter is at issue. *See* Minute Entry [Doc. No. 32]. For the reasons that follow, Defendant's Motion to Strike Plaintiff's Expert Witness [Doc. No. 27] is DENIED. Plaintiff's Motion for Thirty (30) Day Extension of Scheduling Order Deadline [Doc. No. 25] is GRANTED in part and DENIED in part. Furthermore, the Court, acting sua sponte, grants a two-month extension of time for the unexpired deadlines contained in the Court's Scheduling Order.

This action involves Plaintiff Michael H. Morris's (Morris's) retaliation and interference claims under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et. seq.*, brought against his former employer, Valero Refining Company-Oklahoma

(Valero). On March 27, 2026, the Court entered a Scheduling Order [Doc. No. 16] in the matter. The deadline for "Plaintiff to file a final list of expert witness(es) in chief and submit [an] expert report to [Morris]" was August 3, 2026. On August 3, 2026, Morris filed a Witness and Exhibit List [Doc. No. 22], naming E. Daniel Powers as an economics expert who would testify on behalf of Morris. On August 29, 2026, Morris filed Plaintiff's Motion for Thirty (30) Day Extension of Scheduling Order Deadlines [Doc. No. 25]. In the Motion, Morris requested permission to submit Powers's expert report to Valero on September 3, 2026, thirty days after the deadline to submit the expert report passed. *See* Mot. for Ext. [Doc. No. 25] at 1. Morris also requested a thirty (30) day extension of time for discovery "[d]ue to difficulties scheduling depositions[.]" *Id*. at 2. On August 31, 2026, Valero filed Defendant's Motion to Strike Plaintiff's Expert Witness [Doc. No. 27], seeking to strike Powers as an expert witness under Fed. R. Civ. P. 37 due to Morris's failure to timely serve Powers's expert report. *See generally* Mot. to Strike [Doc. No. 27].

**A. Motion to Strike Plaintiff's Expert Witness**

Valero asserts that exclusion of Morris's expert witness is "mandatory" under Fed. R. Civ. P. 37(c) absent substantial justification or harmlessness. *See* Mot. to Strike [Doc. No. 27] at 4 (citing *Cohlmia v. Ardent Health Servs.*, LLC, 254 F.R.D. 426, 429 (N.D. Okla. 2008)).[1] Rule 37 provides, in relevant part, that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed

[1] The Tenth Circuit has noted that exclusion of an expert witness is a "*possible* sanction for a violation of Rule 26(a)(2)(B)'s disclosure requirements[,]" not a mandatory consequence. *103 Investors I, L.P. v. Square D Co.*, 372 F.3d 1213, 1217 (10th Cir. 2004) (cleaned up and citations omitted).

to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantiality justified or is harmless." Fed. R. Civ. P. 37(c)(1).

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353 (7th Cir. 1996)). Factors guiding such determination include: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id*. "[A]though a district court need not mechanically recite the terms 'substantial justification' or 'harmlessness,' the district court's ultimate reasoning *should* reveal consideration of the *Woodworker's* criteria. *HGC Platinum, LLC v. Preferred Product Placement Corporation*, 873 F.3d 1191, 1201 (10th Cir. 2017) (citation omitted).

The Court finds that striking Powers as an expert witness due to counsel's failure to timely submit an expert witness report is not warranted. Morris's counsel stated at the hearing that the delay in providing the report was due to counsel's failure to notify the expert that an expert report was necessary. While the mistake of Morris's counsel is a slender excuse for failing to adhere to an explicit deadline contained in the Court's Scheduling Order, the Court appreciates counsel's candor and does not find that such mistake was made in bad faith or intentional.[2]

---

[2] Nonetheless, Counsel for Morris is admonished that the deadlines of a scheduling order are mandatory directives of the Court, not mere scheduling suggestions. Failure to follow the deadlines

The Court agrees that Morris's late provision of the expert report certainly would cause prejudice to Valero if the Court's current scheduling order was maintained. Valero would be deprived of opportunities to meaningfully test Power's qualifications and opinions in the matter via a *Daubert* motion and to evaluate whether a rebuttal expert would be necessary. Without such opportunities, the introduction of Powers's testimony would very likely disrupt the trial. However, the Court finds that such prejudice can be cured by an extension of time to allow Valero the opportunities to test Morris's expert witness. Valero has not identified any prejudice it would suffer if the Court were to extend the scheduling order deadlines. "[W]hile the pretrial [scheduling] order defines a lawsuit's boundaries in the trial court and on appeal, total inflexibility is undesirable." *103 Investors*, 372 F.3d at 1217 (quoting *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997)). Under the circumstances of this case, the Court does not find that striking Powers as an expert witness is appropriate.

**B. Plaintiff's Motion for Thirty (30) Day Extension of Scheduling Order Deadlines**

Morris requests an extension of time to serve Powers's expert report to Valero out of time. As discussed, Morris provided Powers's expert report to Valero on September 3, 2026. Under Rule 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). Upon review of the

of a scheduling order has a cumulative effect on the remainder of the deadlines in the case. If parties are unable to meet such deadlines, the Court expects that parties will timely request an extension of time supported by a good cause basis for the request.

parties' briefings and hearing the arguments of counsel, the Court finds that Morris has *barely* demonstrated excusable neglect justifying his requested relief. The Court therefore finds that Morris's service of Powers's expert report on September 3 is permissible.

Morris also requested a 30-day extension of the Court's October 1, 2026, deadline to complete discovery. Morris asserts that "due to difficulties scheduling depositions" that the extension is necessary. However, the parties represented in their briefs and at the hearing that all remaining depositions in the matter appear to have been scheduled for the month of September. As such, the Court does not find that Morris's justification for an extension of time is sufficient.

However, the Court, acting *sua sponte*, permits Valero leave to file an expert witness list and report out of time, as well as leave for the parties to file any *Daubert* motions out of time. The Court also extends all unexpired deadlines contained in the Scheduling Order [Doc. No. 16] by sixty (60) days. The delay in the provision of the expert report affects the parties' ability to fully brief any potential *Daubert* and evidentiary motions in relation to expert witnesses and for the Court to decide such motions in advance of a November 2026 trial setting. Such briefing would also interfere with the contemporaneous briefing and review of other pretrial submissions in this matter, including but not limited to motions in limine, proposed jury instructions, and a final pretrial report. Given the unique procedural circumstances of the matter, a November 2026 trial setting is not practicable.

IT IS THEREFORE ORDERED AS FOLLOWS:

1. Defendant's Motion to Strike Plaintiff's Expert Witness [Doc. No. 27] is DENIED.

2. Plaintiff's Motion for Thirty (30) Day Extension of Scheduling Order Deadline [Doc. No. 25] is GRANTED in part and DENIED in part. The Court permits Morris's out of time service of E. Daniel Powers's expert report.

3. Valero is permitted fourteen (14) days from the date of this Order, or by September 28, 2026, to file a final list of expert witness(es) in chief and submit expert reports to Morris. The parties are permitted twenty-eight (28) days from the date of this Order, or by October 13, 2026, to submit any *Daubert* motions.

4. The Court, acting sua sponte, extends all remaining unexpired deadlines in the Amended Scheduling Order [Doc. No. 21] by sixty (60) days. The Clerk of Court is directed to enter an Amended Scheduling Order consistent with the terms of this Order.

IT IS SO ORDERED this 14th day of September, 2026.



**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**